## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| TRAVIS CONISH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-804-B |
| | ) | ECF |
| NORTH TEXAS JOB CORPS, ET AL., | ) | |
| Defendants. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### FINDINGS AND CONCLUSIONS:

This is an unspecified civil action brought by a *pro se* litigant. Defendants are the North Texas Job Corps, the country of Mexico, the United States Department of Labor, the continent of Africa and the continent of Europe. The Court has not issued process, pending preliminary screening.

On May 27, 2008, the Court issued a notice of deficiency to Plaintiff notifying him that (1) his complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure; and (2) he has failed to either pay the filing fee or file a proper request to proceed *in forma pauperis*. The order directed Plaintiff to cure the deficiencies within thirty days or the Court would recommend that the complaint be dismissed for failure to prosecute. More than thirty days have passed and Plaintiff has failed to comply with the deficiency order.

**Discussion:** Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Plaintiff has failed to comply with the Court's order. Accordingly, his complaint should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**RECOMMENDATION:**

The Court recommends that the complaint be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Signed this 8 day of July, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).